UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
AMGUARD INSURANCE COMPANY,          )
                                    )
            Plaintiff,              )
                                    )   C.A. No. 1:14-CV-14745
v.                                  )
                                    )
SANTOS REMODELING, INC.,            )
                                    )
            Defendant.              )
                                    )
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DEFAULT/SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF, AMGUARD INSURANCE COMPANY

Plaintiff, Amguard Insurance Company (hereinafter

"Amguard"), submits this Memorandum of Law in Support of its

Motion for Default/Summary Judgment in Favor of Plaintiff.

### PRELIMINARY STATEMENT

Prejudice to the interests of Amguard, through the lack of

notice and cooperation of its insured, Santos Remodeling, Inc.

("Santos"), could not be clearer.  Santos was arguably/possibly

the actual employer of the plaintiff's decedent, Mr. Molina, and

Mr. Molina's estate asserted a tort for his death in the course

of that employment.  Although the true facts of that

relationship could have been a complete bar to the tort claim

asserted, Santos never reported the loss or claim to Amguard,

and never provided any information to Amguard, to enable

Amguard's exploration of the possible defense.  Mr. Santos left the country, and never communicated with Amguard at all.

As the incident involving Mr. Molina occurred in Rhode Island, Amguard was subjected to the additional prejudice of defending itself under Rhode Island's direct action statute, without ever having had the opportunity to speak with its insured (in whose place Amguard was sued) or to properly investigate the claim asserted.

And Santos never even appeared to respond to the instant declaratory judgment action.  Santos has no defenses to this action, and it has provided no defense to its total lack of cooperation with Amguard, and/or reason why the Amguard policy at issue should protect it in this matter.

Amguard's interests have been actually and drastically compromised by the non-cooperation of its insured, and Amguard seeks summary/default judgment in its favor, declaring that the Amguard policy does not provide coverage to Santos under the facts of this case.

## STATEMENT OF RELEVANT FACTS[1]

### The Parties

Amguard maintains a principal place of business at 16 South River Street, P.O. Box A-H, Wilkes-Barre, PA  18703.  Amguard regularly conducts business within the Commonwealth of Massachusetts, including the provision of a policy of insurance containing, *inter alia,* a Commercial General Liability (hereinafter, "CGL") policy to Santos Remodeling, Inc.  The defendant, Santos Remodeling, Inc. (hereinafter, "Santos") is a company with a principal place of business at Brockton, Massachusetts, which has conducted business in the area of landscape architecture, design, and construction throughout Massachusetts for better than ten years.  The former defendant, Estate of Juan G. Molina ("Molina"),[2] is a legal entity created in the Probate Court for the City of Central Falls, Rhode Island.

Pursuant to the Rhode Island direct action statute, R.I. G.L. §27-7-2, Molina has instituted litigation directly against Amguard as the putative liability insurer for Santos, as

---

[1]     This Statement of Relevant Facts tracks the Statement of Facts submitted herewith, and is based on and supported by those facts and the evidentiary materials submitted therewith.  (All of the facts alleged in Amguard's Complaint in this matter are deemed admitted/undisputed by the defaulted defendant, Santos.)

[2]     This defendant's motion to dismiss for lack of personal jurisdiction in this Court has been allowed, and this defendant has been dismissed from this declaratory judgment action.

contained in the action *Molina v. Senesco Marine, LLC, et al.,*
*C.A. No. 12-1810 (Providence S.C.)*(hereinafter, the "Underlying
Action*")*. (SOF Nos. 1-3.)

## The Underlying Action

The Underlying Action, *Estate of Juan G. Molina v. Senesco*
*Marine, LLC,* et al., was brought on behalf of Molina by and
through Stephanie Molina, as Administratrix and as Beneficiary
and Natural Heir of Juan G. Molina, Deceased and on behalf of
his Beneficiaries and Natural Heirs. The Underlying Action
names Amguard's insured, Santos Remodeling, Inc., as a
defendant.

The Underlying Action alleges that on or about October 18,
2011, the decedent Juan G. Molina "was at or near and/or was
working on or about a roof and/or construction site located at
or near 10 MacNaught Street, North Kingstown, Rhode Island,
premises being repaired and/or serviced, owned, operated,
maintained and/or otherwise controlled by Defendants[,]" and
that "the Defendants, jointly and severally, maintained or
allowed the said premises and/or construction site to be or
remain in a negligent condition." The Underlying Action alleges
that as a result of that negligence, Molina "fell to his death
and sustained pain, suffering, medical expenses, lost wages,

4

loss of earnings capacity, funeral and burial expenses, and was otherwise wrongfully killed, injured and damnified."

The Underlying Action seeks compensatory and punitive damages.  Amguard is presently defending itself and previously defended Santos in the Underlying Action under a reservation of its rights to deny or disclaim coverages.  (SOF Nos. 4- 10.)

**Relationship Between and Among Molina, Guaman, and Santos**

Guaman retained Santos to locate and hire workers to assist in the construction job at 10 McNaught Street, North Kingstown, Rhode Island.  At the time of his death, Molina may have been located and hired by, and was possibly being paid by, Santos in connection with Molina's involvement in the subject construction.  Molina (and other workers) were hired and paid by Santos, and Santos was in turn paid by Guaman.   Molina was a direct employee of Santos on the job and at the time of his death.   In the alternative, Santos and Guaman represent a single entity, with Guaman paying the business expenses of such entity, and Molina was a direct employee of the single entity of Santos/Guaman on the job and at the time of his death.  (SOF 11-16.)

**The Policy of Insurance**

Amguard issued a policy of insurance in Massachusetts which is germane here:  Policy Number SAPB 203864 with a policy period of August 30, 2011 to August 30, 2012 (hereinafter, the "Policy"), using a Commercial General Liability Coverage form (hereinafter, "CGL").  The policy provides, in pertinent part, as follows:

**SECTION II-LIABILITY**

\*        \*        \*        \*

**A.   COVERAGES**

**1.   Business Liability**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury".... to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

The Policy further provides:

This insurance does not apply to : . . . Bodily injury to (1) An "employee" of the insured arising out of and in the course of (a) employment by the insured; . . . .."

6

The policy further provides:

                    *       *       *       *

E.   **Liability and Medical Expenses General Conditions**

   2. **Duties in the event of an occurrence, offense, claim of suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      (1) How, when and where the "occurrence or offense took place;

      (2) The names and addresses of any injured persons and witnesses; and

      (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      (1) Immediately record the specifics of the claim or "suit" and the date received; and

      (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      (1) Immediately send us copies of any demands, notices, summonses or

                              7

> legal papers received in connection
> with the claim or "suit";
>
> (2) Authorize us to obtain records
>     or other information;
>
> (3) Cooperate with us in the
>     investigation, or settlement of
>     the claim or defense against the
>     "suit"; and
>
> (4) Assist us, upon our request, in
>     the enforcement of any right
>     against any person or
>     organization that may be liable
>     to the insured because of injury
>     or damage to which this
>     insurance may also apply.
>
> d.   No insured will, except at that insured's own
> cost, voluntarily make a payment, assume any
> obligation, or incur any expense other than for first
> aid, without our consent.

(SOF Nos. 17-20.)

## Activity Following Loss

Following the incident giving rise to the Underlying

Actions, Amguard received no report from Santos of such

incident.  Following initiation of the Underlying Action,

Amguard received no notice, contact, or cooperation from Santos.

Amguard has, on numerous occasions, attempted to contact Santos,

by telephone, mail, and in person, regarding the Molina incident

and the Underlying Action, all without success.  Amguard has

incurred expenses to locate and contact Santos, also without

8

success.  Based on the lack of contact and/or cooperation by
Santos, Amguard has been unable to investigate or vet the facts
of the Underlying Action, including, *inter alia*, the possible
employment relationship between Molina and Santos; the facts of
Molina's work on the date of loss; the actions of Santos and/or
other defendants in the Underlying Action; and other matters
critical to Santos's potential substantive tort liability,
affirmative defenses, and any coverage consequences.  (SOF Nos.
21-25.)

## ARGUMENT

### A. The Standard

Insurance coverage will be voided, and will not apply to
protect the insured, where it is found that the insured failed
to report and/or cooperate in the defense of the subject loss,
and that the insurer was prejudiced by such failure(s).  *See,*
*e.g., Darcy v. The Hartford Insurance Company,* 407 Mass. 481,
485, 554 N.E.2d 28, 31 (1990) (an insurer may disclaim where it
has shown that it has been prejudiced by an insured's failure to
report a loss and/or to cooperate in its defense).  "Cooperation
clauses are designed primarily to protect the insurer's interest
in avoiding payment on claims that it cannot adequately defend."
*Id.* at 490, 554 N.E.2d at 34.  Disclaimer will be appropriate
where an insurer's inability to defend a claim is the result of

9

the non-cooperation of the insured. *See, e.g., id.; Eastern Products Corporation v. Continental Casualty Co.,* 58 Mass. App. Ct. 16, 21, 787 N.E.2d 1089, 1093 (2003) (where witnesses died or became unavailable, and/or documentary evidence was lost after notice should have been given, disclaimer is appropriate).

## B. **Amguard has Been Prejudice by Santos' Non-Cooperation**

A complete defense to the subject claim and lawsuit – the employment by the plaintiff's decedent by the insured Santos – potentially existed. Amguard, however, was unable to assert, investigate, or prove that defense, because the key witness, Santos, left the country before speaking with anyone at Amguard concerning the loss. Moreover, Amguard never received a report or description of the accident itself from Santos, and Amguard has therefore been unable to confirm the facts surrounding the loss.

Amguard has been forced to defend Santos and itself (under Rhode Island's direct action statute) against the claims related to the death of the plaintiff's decedent, but it has never been able to assemble the facts and/or the defenses available to it in this matter, due to Santos' failure to report and cooperate in the defense of this action. As has been admitted by the defaulted Santos, "Based on the lack of contact and/or cooperation by Santos, Amguard has been unable to investigate or

10

vet the facts of the Underlying Action, including, *inter alia*, the possible employment relationship between Molina and Santos; the facts of Molina's work on the date of loss; the actions of Santos and/or other defendants in the Underlying Action; and other matters critical to Santos's potential substantive tort liability, affirmative defenses, and any coverage consequences." Clearly, where a defendant cannot even investigate the facts of the claim against it, and loses potentially dispositive defenses, that defendant "cannot adequately defend" the case against it. *See, e.g., Darcy,* 407 Mass. at 490, 554 N.E.2d at 34. Under such circumstances, liability coverage for the insured whose non-cooperation is responsible for that inability to defend should not apply, and disclaimer is warranted and appropriate. *See, e.g., id.*

## Conclusion

For the foregoing reasons, Amguard asks for summary/default judgment in its favor, declaring that the liability coverage for Santos is inapplicable in the instant case, based on the non-cooperation of Santos in the reporting and investigation of the underlying loss, and the actual prejudice to Amguard and its

interests as a result thereof.

AMGUARD INSURANCE COMPANY,
By its attorneys,

/s/ Kathleen A. Kelley

_____
David M. O'Connor
BBO No. 544166
Kathleen A. Kelley
BBO No. 562342
O'CONNOR & ASSOCIATES, LLC
325 Boston Post Road Unit 1
Sudbury, MA 01776
(978) 443-3510

Dated:   November 25, 2015

## CERTIFICATE OF SERVICE

I, Kathleen A. Kelley, hereby certify that I caused the foregoing to be served on counsel of record via ECF on November 25, 2015.

/s/ Kathleen A. Kelley

_____
Kathleen A. Kelley