UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMGUARD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 1:14-CV-14745 |
| v. | ) ) ) | |
| SANTOS REMODELING, INC., | ) ) | |
| Defendant. | ) ) | |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF MOTION FOR DEFAULT/SUMMARY JUDGMENT
IN FAVOR OF PLAINTIFF, AMGUARD INSURANCE COMPANY**

The plaintiff, Amguard Insurance Company (hereinafter "Amguard"), submits this Statement of Undisputed Material Facts in Support of Motion for Default/Summary Judgment in Favor of Plaintiff, Amguard Insurance Company.

**STATEMENT OF FACTS**

**The Parties**

1. Amguard maintains a principal place of business at 16 South River Street, P.O. Box A-H, Wilkes-Barre, PA 18703. Amguard regularly conducts business within the Commonwealth of Massachusetts, including the provision of a policy of insurance containing, *inter alia,* a Commercial General Liability (hereinafter, "CGL") policy to Santos Remodeling, Inc. (Complaint for Declaratory Relief, ¶ 1.)

2. The defendant, Santos Remodeling, Inc. (hereinafter, "Santos") is a company with a principal place of business at Brockton, Massachusetts, which has conducted business in the area of landscape architecture, design, and construction throughout Massachusetts for better than ten years. (Complaint for Declaratory Relief, ¶ 2.)

3. The former defendant, Estate of Juan G. Molina ("Molina"), is a legal entity created in the Probate Court for the City of Central Falls, Rhode Island. Pursuant to the Rhode Island direct action statute, R.I. G.L. §27-7-2, Molina has instituted litigation directly against Amguard as the putative liability insurer for Santos, as contained in the action *Molina v. Senesco Marine, LLC, et al.*, C.A. No. 12-1810 *(Providence S.C.)* (hereinafter, the "Underlying Action"). (Complaint for Declaratory Relief, ¶ 3.)

**The Underlying Action**

4. The Underlying Action, *Estate of Juan G. Molina v. Senesco Marine, LLC*, et al., was brought on behalf of Molina by and through Stephanie Molina, as Administratrix and as Beneficiary and Natural Heir of Juan G. Molina, Deceased and on behalf of his Beneficiaries and Natural Heirs. (Complaint for Declaratory Relief, ¶ 8.)

5. The Underlying Action names Amguard's insured, Santos Remodeling, Inc., as a defendant. (Complaint for Declaratory Relief, ¶ 9.)

6. The Underlying Action alleges that on or about October 18, 2011, the decedent Juan G. Molina "was at or near and/or was working on or about a roof and/or construction site located at or near 10 MacNaught Street, North Kingstown, Rhode Island, premises being repaired and/or serviced, owned, operated, maintained and/or otherwise controlled by Defendants." (Complaint for Declaratory Relief, ¶ 10.)

7. The Underlying Action further alleges that "the Defendants, jointly and severally, maintained or allowed the said premises and/or construction site to be or remain in a negligent condition." (Complaint for Declaratory Relief, ¶ 11.)

8. The Underlying Action alleges that as a result of that negligence, Molina "fell to his death and sustained pain, suffering, medical expenses, lost wages, loss of earnings capacity, funeral and burial expenses, and was otherwise wrongfully killed, injured and damnified." (Complaint for Declaratory Relief, ¶ 12.)

9. The Underlying Action seeks compensatory and punitive damages. (Complaint for Declaratory Relief, ¶ 14.)

10. Amguard is presently defending itself and previously defended Santos in the Underlying Action under a reservation of its rights to deny or disclaim coverages. (Complaint for Declaratory Relief, ¶ 15.)

**Relationship Between and Among Molina, Guaman, and Santos**

11. Guaman retained Santos to locate and hire workers to assist in the construction job at 10 McNaught Street, North Kingstown, Rhode Island. (Complaint for Declaratory Relief, ¶ 16.)

12. At the time of his death, Molina may have been located and hired by, and was possibly being paid by, Santos in connection with Molina's involvement in the subject construction. (Complaint for Declaratory Relief, ¶ 17.)

13. Molina (and other workers) were hired and paid by Santos, and Santos was in turn paid by Guaman. (Complaint for Declaratory Relief, ¶ 18.)

14. Molina was a direct employee of Santos on the job and at the time of his death. (Complaint for Declaratory Relief, ¶ 19.)

15. Or, in the alternative, Santos and Guaman represent a single entity, with Guaman paying the business expenses of such entity. (Complaint for Declaratory Relief, ¶ 20.)

16. Or, in the alternative, Molina was a direct employee of the single entity of Santos/Guaman on the job and at the

time of his death. (Complaint for Declaratory Relief, ¶ 21.)

**The Policy of Insurance**

17. Amguard issued a policy of insurance in Massachusetts which is germane here: Policy Number SAPB 203864 with a policy period of August 30, 2011 to August 30, 2012 (hereinafter, the "Policy"), using a Commercial General Liability Coverage form (hereinafter, "CGL"). Several endorsements to the policy are implicated by the Underlying Action. (Complaint for Declaratory Relief, ¶ 22.)

18. The policy provides, in pertinent part, as follows:

**SECTION II-LIABILITY**

\* \* \* \*

**A. COVERAGES**

**1. Business Liability**

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury".... to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

(Complaint for Declaratory Relief, ¶ 23.)

5

19. The Policy further provides:

This insurance does not apply to : . . . Bodily injury to (1) An "employee" of the insured arising out of and in the course of (a) employment by the insured; . . .." (Complaint for Declaratory Relief, ¶ 24.)

20. The policy further provides:

\* \* \* \*

E. **Liability and Medical Expenses General Conditions**

  **2. Duties in the event of an occurrence, offense, claim of suit**

  a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   (1) How, when and where the "occurrence or offense took place;

   (2) The names and addresses of any injured persons and witnesses; and

   (3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

  b. If a claim is made or "suit" is brought against any insured, you must:

   (1) Immediately record the specifics of the claim or "suit" and the date received; and

   (2) Notify us as soon as practicable. You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

6

  c. You and any other involved insured must:

   (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   (2) Authorize us to obtain records or other information;

   (3) Cooperate with us in the investigation, or settlement of the claim or defense against the "suit"; and

   (4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

  d. No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense other than for first aid, without our consent.

(Complaint for Declaratory Relief, ¶ 25.)

### Activity Following Loss

21. Following the incident giving rise to the Underlying Actions, Amguard received no report from Santos of such incident. (Complaint for Declaratory Relief, ¶ 26.)

22. Following initiation of the Underlying Action, Amguard received no notice, contact, or cooperation from Santos. (Complaint for Declaratory Relief, ¶ 27.)

23. Amguard has, on numerous occasions, attempted to contact Santos, by telephone, mail, and in person,

7

regarding the Molina incident and the Underlying Action, all without success. (Complaint for Declaratory Relief, ¶ 28.)

24. Amguard has incurred expenses to locate and contact Santos, also without success. (Complaint for Declaratory Relief, ¶ 29.)

25. Based on the lack of contact and/or cooperation by Santos, Amguard has been unable to investigate or vet the facts of the Underlying Action, including, *inter alia*, the possible employment relationship between Molina and Santos; the facts of Molina's work on the date of loss; the actions of Santos and/or other defendants in the Underlying Action; and other matters critical to Santos's potential substantive tort liability, affirmative defenses, and any coverage consequences. (Complaint for Declaratory Relief, ¶ 30.)

AMGUARD INSURANCE COMPANY,
By its attorneys,

/s/ Kathleen A. Kelley
_____
David M. O'Connor
BBO No. 544166
Kathleen A. Kelley
BBO No. 562342
O'CONNOR & ASSOCIATES, LLC
325 Boston Post Road Unit 1
Sudbury, MA 01776
(978) 443-3510

Dated: November 25, 2015

**CERTIFICATE OF SERVICE**

    I, Kathleen A. Kelley, hereby certify that I caused the foregoing to be served on counsel of record via ECF on November 25, 2015.

                                    /s/ Kathleen A. Kelley
                                    _____
                                    Kathleen A. Kelley