## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) 14-14745-FDS |
| SANTOS REMODELING, INC., | ) |
| | ) |
| Defendant. | ) |

_____

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**SAYLOR, J.**

This is a contract dispute between an insurer and its insured. Plaintiff Amguard Insurance Company has brought suit against defendant Santos Remodeling, Inc., contending that Santos has been uncooperative in assisting Amguard's defense of a lawsuit filed against it by the estate of an alleged former Santos employee. A notice of default was issued as to Santos on September 11, 2015. Amguard has now moved for an entry of default judgment.

For the reasons set forth below, Amguard's motion will be granted.

## I.   Background

The relevant facts are summarized below as set forth in the complaint unless otherwise noted.[1]

_____

[1] Because defendant has defaulted for failure to plead or otherwise defend, it is "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which the damages will be calculated." *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59, 63-63 (1st Cir. 2002) (quoting *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999)). Before entering a default judgment, a court may examine the complaint, taking all well-pleaded factual allegations as true, to determine its legal sufficiency. *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002); *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992). On a motion for default judgment, a court may also consider any affidavits or evidence on the record. *See KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 17-20 (1st Cir. 2003).

Plaintiff Amguard Insurance Company is a Pennsylvania corporation with a principal place of business in Wilkes-Barre, Pennsylvania.  (Compl. ¶ 1).  Defendant Santos Remodeling, Inc. is a Massachusetts corporation with a principal place of business in Brockton, Massachusetts.  Santos is engaged in the business of landscape architecture, design, and construction.  (*Id.* ¶ 2).

On October 18, 2011, Juan G. Molina was working on a roof and construction site in North Kingstown, Rhode Island, when he fell to his death.  (*Id.* ¶ 10).  Molina's estate brought a wrongful death suit in Rhode Island against multiple defendants, including Santos.  (*Id.* ¶ 8).  The complaint in that suit alleges that Molina's death was caused by the negligence of the defendants in that action, including Santos, and seeks compensatory and punitive damages.  (*Id.* ¶ 12).  The estate later added Amguard as a defendant under Rhode Island's direct action statute, R.I. Gen. Laws § 27-7-2.  (Compl. ¶ 3).[2]

According to Amguard, the insurance policy between Amguard and Santos that was in effect at the time of Molina's death contains an endorsement providing that "[t]his insurance does not apply to: . . . [b]odily [i]njury to (1) [a]n 'employee' of the insured arising out of and in the course of (a) employment by the insured . . ."  (*Id.* ¶ 24).  The policy further provides that as the insured, Santos is obligated to notify Amguard of events that may lead to possible claims and cooperate in the defense of any claim or suit filed.  (*Id.* ¶ 25).

Amguard alleges that Santos breached its duties under the policy because it never notified Amguard of Molina's death and has not cooperated in Amguard's defense of the claim.  (*Id.* ¶ 26-29).  Amguard further alleges that Santos's failure to cooperate has prejudiced it in defending the suit.  (*Id.* ¶ 30).  Specifically, Amguard claims that is has been unable to

---

[2] That action is entitled *Estate of Juan G. Molina v. Senesco Marine, LLC, et al.*, C.A. No. 12-1810 (Providence Sup. Ct.).

investigate facts concerning Molina's employment status, the actions of Santos and the other *Molina* defendants, and other "matters critical to Santos's potential tort liability, affirmative defenses, and coverage consequences." (*Id.*).

## II.      Procedural Background

Amguard filed this case on December 30, 2014, naming both Santos Remodeling and the Estate of Juan G. Molina as defendants. The complaint alleges three counts, all of which request some form of declaratory relief. Count One requests a declaration that Amguard has no duty to defend or indemnify Santos because of Santos's failure to notify and cooperate with Amguard in defending the underlying suit. Count Two requests a declaration that the Estate of Molina is bound by the declarations of this Court, and that the policy issued to Santos does not provide coverage for the estate's claim. Count Three appears to be a variation on Counts One and Two, and requests a declaration that Amguard has no duty to defend or indemnify Santos under the policy because Molina was a Santos employee at the time of his death.

The Estate of Molina filed a motion to dismiss for improper venue on January 16, 2015. On March 24, 2015, the Court granted that motion and dismissed the claims against the estate.

On June 8, 2015, Amguard filed a motion seeking permission to serve Santos by publication, which was granted by the Court on June 18, 2015. Amguard then published notice of the litigation in the Brockton Enterprise, which was completed on July 7, 2015. (Dkt. 18, Ex. A). On September 11, 2015, the Court entered a notice of default against Santos.

On November 25, 2015, Amguard moved for a default judgment against Santos pursuant to Fed. R. Civ. P. 55. Amguard requests a declaratory judgment that there is no liability coverage under the policy issued to Santos due to its "prejudicial non-cooperation" in defending

the estate's claim.[3]

### III.   Analysis

A default judgment may be entered without a hearing under Fed. R. Civ. P. 55(a) if "a court has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002).  Here, the Court has diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity exists and the amount in controversy exceeds $75,000.

The complaint also states a cognizable claim for declaratory relief.  "The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, empowers a federal court to grant declaratory relief in a case of actual controversy."  *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534 (1st Cir. 1995).   "The Act 'neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies."  *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 39 (1st Cir. 2006) (quoting *El Dia, Inc. v. Hernandez Colon*, 963 F.3d 488, 492 (1st Cir. 1992)).  "Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief."  *Ernst & Young*, 45 F.3d at 534.  A court "should consider the totality of the circumstances" when deciding whether to award a declaratory judgment.  *El Dia*, 963 F.2d at 494.

Amguard has requested declaratory relief that it has no obligation to provide coverage under the insurance policy due to Santos's failure to notify and cooperate with it in defense of the estate's claim.  This case does not involve difficult questions of law, and the Court sees no

---

[3] Because the Estate of Molina has been dismissed from this case, this memorandum and order does not address the relief requested in Counts Two or Three.

reason why declaratory relief cannot be awarded.

Service of process, although not ideal, has been made in accordance with the law. Fed. R. Civ. P. 4(h) requires that service on a corporation be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by other means provided by state law. Massachusetts rules give courts discretion to allow service by a court order of notice, but such orders may be granted only if, after a "diligent search," the plaintiff "can find neither the defendant, nor defendant's last and usual abode, nor any agent upon whom service may be made." Mass. R. Civ. P. 4(d)(1)); *see also* Mass. Gen. Laws ch. 227 § 6; *Santiago v. Marchese*, 2009 Mass. App. Div. 83 (2009).

The Court granted Amguard's motion to serve Santos by publication on June 8, 2015, which was completed on July 7, 2015. Santos has had since that date to respond to notice of the lawsuit, and since November 25, 2015, to respond to the motion for default judgment.

In sum, the Court has jurisdiction over the subject matter and parties; the allegations in the complaint state a specific, cognizable claim for relief; and Santos has had fair notice of its opportunity to object. Accordingly, the Court will grant plaintiff's request for a default judgment for declaratory relief.

## IV.   <u>Conclusion</u>

For the foregoing reasons, judgment shall enter for plaintiff as follows:

The Court hereby declares that defendant Amguard Insurance Company has no duty to defend or indemnify Santos Remodeling, Inc., in connection with the lawsuit entitled *Estate of Juan G. Molina v. Senesco Marine, LLC, et al.*, C.A. No. 12-1810 (Providence Sup. Ct.), due to

the failure of Santos to comply with its contractual duties under the insurance policy issued by

Amguard to Santos.

**So Ordered.**

/s/  F. Dennis Saylor

F. Dennis Saylor IV

Dated:  February 3, 2016                    United States District Judge